Christopher R. McElwain, Bar No. 289132
LaRiviere, Grubman P.C.
200 Sky Park Dr.
Monterey, CA 93940
(831)-649-8800
crmcelwain@lgpatlaw.com

Attorney for Plaintiffs
F. DAVID LARIVIERE and EVELYN MARTIN d/b/a REMARQUE DOCKETING AND IP SERVICES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERIC DAVID LARIVIERE and EVELYN MARTIN,<br><br>Plaintiff,<br>vs.<br><br>REMARCK LAW GROUP, PLC, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR: [1] Trademark Infringement Under 15 U.S.C. § 1114(1); [2] False Designation of Origin Under 15 U.S.C. § 1125(a); [3] Trademark Dilution Under 15 U.S.C. § 1125(c); [4] Unfair Competition Under Cal. Bus. & Prof. Code § 17200, et seq.<br><br>JURY TRIAL DEMANDED |

Plaintiffs Frederic David LaRiviere and Evelyn Martin, doing business as Remarque Docketing and IP Services ("Plaintiffs") bring this Complaint against Defendant Remarck Law Group, P.L.C. ("Defendant") and states as follows:

## Parties and Jurisdiction

1. Plaintiffs Frederic David LaRiviere and Evelyn Martin are individuals residing in Monterey County, California.

2. Plaintiffs conduct business as a general partnership known as Remarque Docketing and IP Services, with its principal place of business in Monterey County, California.

3. On information and belief, Defendant is a professional limited liability corporation with its principal place of business in Auburn Hills, Michigan.

4. On information and belief, Defendant transacts business with clients located in the Northern District of California, including Google, Inc., a California corporation with its principal place of business in Mountain View, California.

5. Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1-10 and will amend this complaint when the true names and capacities are ascertained. On information and belief, Does 1-10 are each legally responsible in some manner for the conduct alleged herein and proximately caused the injuries and damages to Plaintiff alleged herein.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon the federal questions presented by the violations of 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c) alleged herein, and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

7. This court has personal jurisdiction over Defendant because it is continuously and systematically providing services in this judicial district and because the infringement occurred in and was purposefully directed towards this judicial district.

8. Venue is proper pursuant to 28 U.S.C. §1391(b) in that Defendant transacts business in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

9. Since 1996, Plaintiffs have used the mark "REMARQUE" (the "Mark") in commerce in connection with a range of legal services, including paralegal, docketing and intellectual property management services.

10. Plaintiffs are the owner of U.S. Registration No. 2585058 for REMARQUE, a true copy of which is attached hereto as Exhibit A.

11. On March 3, 2008, Plaintiffs filed an affidavit pursuant to 15 U.S.C. §1065 in connection with U.S. Registration No. 2585058, since which time their rights to the Mark have been incontestable.

12. Having been used by Plaintiffs continuously for over twenty years, the Mark has become established as a designation of quality in the context of legal services.

13. Plaintiffs have invested a considerable amount of money and effort in promoting the Mark.

14. Plaintiffs' Mark has become famous and distinctive.

15. Defendant uses the mark "REMARCK" (the "Infringing Mark") in connection with offering, *inter alia*, intellectual property legal services.

16. The services advertised on Defendant's website in connection with the Infringing Mark include docketing and intellectual property management.

17. On information and belief, Defendant did not begin using the Infringing Mark until many years after Plaintiffs' rights to the Mark arose and became incontestable.

18. After becoming aware of Defendant's use of the Infringing Mark, Plaintiffs notified Defendant of its federal and common law rights to the Mark on January 4, 2017 and demanded that Defendant cease use of the Infringing Mark.

19. Despite Plaintiffs' demands, Defendant has continued to use the Infringing Mark.

20. On information and belief, Defendant derives a profit from the services it sells under the Infringing Mark.

21. Plaintiffs have been, and continues to be, injured by Defendant's use of the Infringing Mark.

COUNT ONE

(*Trademark Infringement under 15 U.S.C. § 1114(1)*)

22. Plaintiffs repeat and re-allege the allegations in paragraphs 1-21 as if fully set forth herein.

23. The Infringing Mark is nearly identical to Plaintiff's registered Mark in sight, sound, connotation and commercial impression.

24. Defendant's commercial use of the Infringing Mark is likely to cause confusion or mistake or to deceive.

25. Plaintiffs have suffered damages as a proximate result of Defendant's use of the Infringing Mark in an amount to be ascertained at trial.

26. Defendant's use of the Infringing Mark has been willful, deliberate and intended to benefit the Defendant at Plaintiffs' expense.

27. Defendant's use of the Infringing Mark has caused and is continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

COUNT TWO

(*False Designation of Origin under 15 U.S.C. § 1125(a)*)

28. Plaintiffs repeat and re-allege the allegations in paragraphs 1-27 as if fully set forth herein.

29. Defendant's commercial use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with another Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiffs.

30. Plaintiffs have suffered damages as a proximate result of Defendant's use of the Infringing Mark in an amount to be ascertained at trial.

31. Defendant's use of the Infringing Mark has been willful, deliberate and intended to benefit the Defendant at Plaintiffs' expense.

32. Defendant's use of the Infringing Mark has caused and is continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT THREE

(*Trademark Dilution under 15 U.S.C. § 1125(c)*)

33. Plaintiffs repeat and re-allege the allegations in paragraphs 1-32 as if fully set forth herein.

34. Plaintiffs' Mark is widely recognized by the relevant consuming public of the United States as a designation of Plaintiffs' services.

35. Defendant's use of the Infringing Mark is likely to cause dilution by blurring of Plaintiffs' famous Mark.

36. Defendant willfully intended to trade on the recognition of Plaintiffs' Mark.

COUNT FOUR

*(Unfair Competition under Cal. Bus. & Prof. Code § 17200, et seq.)*

37. Plaintiffs repeat and re-allege the allegations in paragraphs 1-36 as if fully set forth herein.

38. Defendant's use of the Infringing Mark constitutes an unfair business practice within the meaning of California Business and Professions Code §17200, et seq.

39. Plaintiffs have suffered damages as a proximate result of Defendant's use of the Infringing Mark in an amount to be ascertained at trial.

40. Defendant's use of the Infringing Mark has caused and is continuing to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully prays for the following relief:

1. preliminary and permanent injunctive relief enjoining Defendant from directly or indirectly using any of Plaintiffs marks, or any designations or marks similar thereto;

2. an award of restitution to Plaintiffs in the amount of Defendant's profits in connection with its use of the Infringing Mark;

3. an award of Plaintiffs' actual damages according to proof;

4. an award of attorney's fees;

5. an award of all costs and expenses incurred in this litigation;

6. such further relief as the court deems just and proper.

Respectfully submitted,

DATED: February 21, 2017

By: /s/ Chris McElwain

Christopher R. McElwain, #289132
LaRiviere, Grubman P.C.
200 Sky Park Rd.
Monterey, CA 93940
(831)-649-8800
crmcelwain@lgpatlaw.com

Attorney for Plaintiffs Remarque Partners